IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ZILLER,<br>   Plaintiff, | )<br>)<br>) |
|   vs. | )  Civil Action No. 05-82 |
| | )  Judge Gary L. Lancaster |
| EMERALD ART GLASS, BOB<br>ZIELINSKI, CRAIG COZZA,<br>ALEX-FORBES AND MURRAY, L.P.,<br>and ALEX ENTERPRISES LLC,<br>   Defendants. | )  Magistrate Judge Robert C. Mitchell<br>)<br>)<br>)<br>)<br>) |

<u>MEMORANDUM ORDER</u>

  Plaintiff, Robert Ziller, brings this action under the Copyright Act, 17 U.S.C. §§ 101-1001, alleging that the mural installed in the building known as either 1700 Murray Avenue or 5740 Forbes Avenue in Pittsburgh, Pennsylvania infringes his federal copyright for the glass mural known as <u>Flow</u>.  Named as defendants are the following parties:  Emerald Art Glass ("EAG") (the business that independently designed, constructed and installed the display), Robert Zielinski (owner of EAG and the artist who designed the display), Alex-Forbes and Murray, L.P. (the limited partnership that developed the building but did not design, construct and/or install the display), Alex Enterprises, LLC (the general partner of Alex-Forbes and Murray, L.P.) and Craig Cozza (president of Alex Enterprises, LLC).

  Defendant Zielinski has filed a counterclaim for copyright infringement against Ziller, averring that he knowingly and willfully copied two of Zielinski's works, <u>Stream of Color</u> and <u>Neighborhood Flow</u>, when he made <u>Flow</u>.

  Presently before this Court for disposition are three cross-motions for summary judgment, submitted by: 1) the Plaintiff (as to Zielinski's counterclaim) (Docket No. 47); 2) Defendants Alex-Forbes and Murray, L.P., Craig Cozza, and Alex Enterprises, LLC ("AF&M/Cozza")

(Docket No. 50); and 3) Defendants EAG and Robert Zielinski ("EAG/Zielinski") (Docket No. 52). The parties have also submitted response and reply briefs.

Ordinarily, the Court would now be in a position to review the documents and resolve these pending motions. However, for the following reasons, the submissions of the parties have made this task unnecessarily complicated and time-consuming.

First and foremost, the moving parties have not complied with Local Rule 56.1(B) by submitting separate concise statements of undisputed material facts in separately numbered paragraphs with citations in support and separate appendixes of the documents referenced in the concise statements. More significantly (although not surprisingly), the non-moving parties have not complied with Local Rule 56.1(C) by providing responses that admit or deny the factual statements of the moving parties with citations to the record and an appendix in support thereof. Nor do their opposition briefs track the sequence of facts as presented by the moving parties. Rather, they have provided their own statements of facts, which in no way correspond to those of the moving parties. Thus, the Court has been presented with six different versions of the facts: one in each brief in support and one in each brief in opposition to the three motions for summary judgment.

It is not the responsibility of this Court to comb through the voluminous materials submitted to compile a single summary of the facts or to determine whether there are or are not genuine issues of material fact in this case. "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001). The rule "assist[s] the court by organizing the evidence,

identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." Markham v. White, 172 F.3d 486, 490 (7th Cir. 1999). A district court acts well within its discretion in insisting on compliance with Local Rule 56.1. See Koszola v. Board of Ed. of City of Chicago, 385 F.3d 1104, 1109 (7th Cir. 2004); Northwest Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003); Burke v. Gould, 286 F.3d 513, 517-18 (D.C. Cir. 2002).

In addition, the parties have failed to comply with the Rules of Civil Procedure in their presentation of facts in support of and in opposition to the motions for summary judgment. They have also exceeded the page limits set forth in this Court's scheduling order dated November 4, 2005 (Docket No. 32), without requesting leave to do so.

For example, Plaintiff's response briefs to the Defendants' two motions for summary judgment both contain a time line of the events in this case (Docket No. 95 at 2, 4 & Ex. A; Docket No. 96 at 3 & Ex. A). However, two of the alleged facts have no cited support at all and numerous other alleged facts cite to portions of the record that are not included in the appendixes. The briefs themselves are 24 and 26 pages long, respectively, even though the scheduling order stated that response briefs were limited to 15 pages each.

The brief submitted by Defendants EAG/Zielinski (Docket No. 94) refers to certain deposition excerpts that are not included in the supplied record. In addition, it occasionally relies for support on Zielinski's denial of Plaintiff's request for admissions and Zielinski's response to Plaintiff's interrogatories, neither of which is an appropriate source. Summary judgment is warranted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."

Fed.R.Civ.P. 56(c).

Defendants AF&M/Cozza filed an appendix as an exhibit to their brief in support of their motion for summary judgment (Docket No. 51). However, the appendix contains a series of exhibits that are not identified by letter or number, some of the items submitted are already part of the record (the Amended Complaint and the Answer submitted by EAG/Zielinski) and the deposition excerpts are presented in a format that is nearly impossible to read. The brief itself refers to certain deposition excerpts that are not included in the supplied record and is 30 pages long, even though this Court's scheduling order stated that briefs in support of summary judgment motions were limited to 20 pages each.

Each of these failures to comply with the Federal Rules of Civil Procedure and this Court's scheduling order makes the task of resolving the pending motions for summary judgment more difficult. Considered together, and in combination with the parties' failure to comply with Local Rule 56.1, they have placed an undue and inappropriate burden on the resources of this Court.

AND NOW, THEREFORE, this 4th day of October, 2006,

IT IS ORDERED that the motion for summary judgment submitted on behalf of Plaintiff (Docket No. 47) is dismissed without prejudice.

IT IS FURTHER ORDERED that the motion for summary judgment submitted on behalf of Defendants Craig Cozza, Alex-Forbes and Murray, L.P. and Alex Enterprises LLC (Docket No. 50) is dismissed without prejudice.

IT IS FURTHER ORDERED that the motion for summary judgment submitted on behalf of Defendants Emerald Art Glass and Robert Zielinski (Docket No. 52) is dismissed

without prejudice.

   IT IS FURTHER ORDERED that the parties may refile their motions for summary judgment by November 8, 2006.  The motions, briefs and appendixes shall comply with the Federal Rules of Civil Procedure, the Local Rules of Court, the scheduling order dated November 4, 2005 and this Memorandum Order.  Response briefs, which shall also comply with these requirements, may be filed by November 22, 2006.  No reply briefs shall be permitted.

   IT IS FURTHER ORDERED that a status/settlement conference is scheduled for October 25, 2006 at 1:00 p.m. in Suite 9240, United States Post Office and Courthouse, Seventh Avenue and Grant Street.

             s/Robert C. Mitchell
             ROBERT C. MITCHELL
             United States Magistrate Judge