IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ZILLER,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 05-0082 |
| EMERALD ART GLASS, et al.<br>    Defendants. | )<br>)<br>) |

MEMORANDUM ORDER

Gary L. Lancaster,  
District Judge.                                       September 28, 2007

This is an action in copyright infringement. On June 28, 2007, Magistrate Judge Mitchell referred the case back to this court as trial ready. On August 31, 2007, plaintiff filed a motion to compel the depositions of defendants' experts, Peter Boucher and Paul Burke [doc. no. 164]. For the reasons set forth below, plaintiff's motion will be denied.

Immediately after receiving the expert reports of Burke and Boucher in April of 2006, plaintiff noticed their depositions. Throughout April and May of 2006, plaintiff and defendants regularly communicated in an attempt to schedule these depositions. During these communications, plaintiff notified defendants that he no longer wished to depose Mr. Burke, a fact about which plaintiff does not inform the court in his motion papers [Compare May 22, 2006, 2:36 p.m. e-mail from Ms. Passerin to Mr. Hudock ("We have decided not to depose Mr. Burke. Is Mr. Boucher available this Thursday, May 25, at 8:30...") with doc.

no. 164, att. 2, May 22, 2006 entry ("...Attorney Passerin followed up by email scheduling deposition**s** for May 25.")].

Given that the parties were unable to schedule the depositions during this April-May 2006 time period, defendants suggested that the parties file a joint motion to extend the summary judgment deadlines. Defendants also stated that they would continue in their attempts to schedule the depositions. In a May 24, 2006 e-mail, plaintiff refused to consent to the extension, indicating that he was prepared to move forward with summary judgment briefing, but asked that defendants provide possible dates for the depositions. The parties did not communicate further at the time.

The matter of Messrs. Burke and Boucher's depositions remained entirely dormant for a year, until plaintiff filed his pretrial statement in May of 2007. In that filing, plaintiff indicated his intention to challenge the admission of any trial testimony by Messrs. Burke or Boucher on the grounds that defendants failed to produce them for deposition pursuant to the notices issued in April of 2006. Then, in August of 2007, plaintiff, again, noticed both of their depositions. Defendants refused to produce the experts for deposition because the discovery period had long since ended. Plaintiff filed the instant motion to compel.

2

During the May of 2006 and May of 2007 hiatus, all parties filed motions for summary judgment. From our review of the briefs, it appears that all parties referred to the expert opinions of Burke and/or Boucher in their briefs. In January of 2007, Magistrate Judge Mitchell issued his report and recommendation disposing of the summary judgment motions. In it, he referred to this expert testimony. Plaintiff did not object to the R&R on this basis before it was adopted as the opinion of this court.

We deny the motion to compel. As to Mr. Burke, plaintiff indicated on May 22, 2006 that he had no intention of deposing Mr. Burke, a fact not disclosed to the court. The fact that plaintiff included a request for Mr. Burke's deposition in his final scheduling communication just two days later is not dispositive. Plaintiff believed, and more importantly, informed his opponent, that Mr. Burke's deposition was not necessary more than a year ago. Defendants, and this court, are entitled to rely on that representation, especially in light of the fact that it was not disclosed to the court.

Also, as to both Burke and Boucher, plaintiff allowed the issue of scheduling their depositions to remain dormant for a year before indicating his objection to their testimony or attempting to reschedule their depositions. This could have been a strategic decision made at the time in order to keep the case

moving and avoid further extensions. This could have been the result of a lack of diligence. Regardless of the motivation, however, the fact remains that plaintiff was able to file and oppose summary judgment without these depositions. In fact, when given the option of taking more time to schedule the depositions before filing motions for summary judgment, plaintiff refused to consent to a motion to extend. Plaintiff made no objection when the court's summary judgment opinion relied on these experts' opinions. Finally, for more than a year, plaintiff said nothing, to defendants, or this court, regarding the need or desire to depose either expert.

Plaintiff's attempt to secure these depositions, after discovery has been closed for more than a year, after the court has decided the summary judgment motions, and after a year of silence, is futile. The time to seek assistance from the court was in May of 2006 when plaintiff was unable to schedule these depositions pursuant to his original notices. For whatever reason, plaintiff did not seek assistance at the time. Plaintiff must be held to that decision now.

Therefore, on this 28th day of September, 2007, IT IS HEREBY ORDERED that plaintiff's motion to compel [doc. no. 164] is DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record