IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT ZILLER, )
    Plaintiff, )
 )
v. ) Civil Action No. 05-0082
 )
EMERALD ART GLASS, et al. )
    Defendants. )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                 September 18, 2008

This is an action in copyright infringement. Trial is scheduled to begin on October 27, 2008. Pending before the court are three motions: defendants' motion for an extension of time to file summary judgment motions [doc. nos. 184 and 188]; defendants' motion for partial summary judgment [doc. nos. 185 and 189]; and plaintiff's motion to amend his pretrial statement [doc. no. 196]. For the reasons set forth below, defendants' motion for an extension of time is denied. Therefore, the motion for partial summary judgment was filed out of time, and is denied on that basis. We grant plaintiff's motion to amend his pretrial statement because the amendment will cause no unfair surprise or prejudice to defendants.

A.   <u>Motion for an Extension of Time</u>

About two years ago, all parties filed motions for summary judgment [doc. nos. 112, 117, and 124]. On February 12, 2007, this court entered an order denying these motions, save for the

entry of judgment in favor of one individual defendant. Two months before trial is scheduled to begin, defendants now wish to file another motion for summary judgment. Thus, they have requested an extension of time in which to file summary judgment motions.

However, we find that defendants' delay in filing the motion is excessive and unexplained. On April 4, 2008, the parties appeared before the court at a status conference. Defendants Alex-Forbes and Murray, L.P., and Alex Enterprises LLC were represented by their newly substituted counsel at that conference. Defendant Emerald Art Glass was represented by the same counsel it has had for the duration of this case.

At that conference, the parties discussed the issue of damages with the court, with both sides setting forth their damages theories in detail. At that conference, defendants specifically raised Ziller's alleged lack of evidence of damages, and inability to collect statutory damages under the Copyright Act. Following that conference, on April 8, 2008, the court entered its Final Scheduling Order under which motions in limine, and proposed jury instructions and voir dire were due on September 8, 2008. Trial was scheduled to begin on October 27, 2008.

No substantive filings were made in the case after that scheduling order was entered until defendant Alex-Forbes and Murray filed the instant motion requesting an extension of time

2

to file summary judgment motions on August 21, 2008, which defendant Emerald Art Glass joined. In the motion, defendants argue that they should be permitted to file a second motion for summary judgment on the grounds of "excusable neglect." We are to consider the following factors in determining whether defendants have established "excusable neglect": (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. This is an equitable determination. Chao v. Roy's Const., Inc., 517 F.3d 180, 183-84 (3d Cir. 2008).

We find that each of these factors weighs against a finding that defendants' failure to file the motion for summary judgment in a timely manner was excusable, or neglectful. The length of the delay is significant, and defendants have offered no explanation for it. According to defendants themselves, they were aware of Ziller's alleged evidentiary deficiencies on the issue of damages as early as May 15, 2007, when Ziller filed his pretrial statement. Yet, they did not seek permission to file a motion for summary judgment on the issue of damages at that time. Nor did they seek to file such a motion at the April 4, 2008 status conference, even though this exact issue was discussed. Nor did they seek leave to file the motion promptly after that conference.

Instead, they waited more than four months, and until pre-trial filing deadlines were fast approaching, to file the motion for an extension. Defendants' only explanation is that Ziller is responsible for the delay because he failed to provide evidence quantifying his damages. Assuming this to be the basis for the delay, that failure happened in 2007, and provides no explanation as to why defendants waited so long to seek permission to file their motion for summary judgment. Nor does that failure successfully shift the responsibility for the delay to Ziller. It was defendants, not Ziller, who waited more than a year to seek leave to file the motion on damages. Therefore, the length of and reason for the delay weigh against defendants.

The potential impact on judicial proceedings also weighs against defendants. This motion comes only three weeks before motions in limine, and other pre-trial filings, are due, and only two months before trial is scheduled to begin. The proposed motion for summary judgment will require a separate briefing schedule, in tandem with the other pre-trial motions that will soon be pending. The proposed summary judgment motion has the serious potential to derail the court's trial schedule, and thus, this factor weighs against defendants as well.

Further, we find that Ziller would be procedurally prejudiced by allowing defendants to proceed with another summary judgment motion. From a substantive standpoint, there is little danger of prejudice to Ziller. Whether the damages issue is

4

addressed as a motion in limine, during the charge conference, at the close of evidence at trial, or in a motion for summary judgment, the issue will be addressed by the court. However, there is a serious danger of procedural prejudice to Ziller in that, as discussed above, a summary judgment motion schedule could endanger the October trial date for this matter. After having had a case pending for 3 years, Ziller, and this court, are entitled to protect the scheduled trial date.

Because all three of these factors weigh against a finding of excusable neglect, we consider the final factor, defendants' good faith, to be non-dispositive. Even were we to conclude that defendants filed the motion in good faith, we would still find that their delay in doing so was not caused by excusable neglect. Thus, this factor does not affect the final analysis. Defendants have not made a showing of excusable neglect, and the motion for an extension of time is denied.

### B. Partial Motion for Summary Judgment

Although defendants filed a motion for an extension of time to file a motion for partial summary judgment on August 21, 2008, they also filed the summary judgment motion itself on that same day. Given our ruling above, the motion for summary judgment is untimely and is denied on that basis.

C.  <u>Motion to Amend Pre-Trial Statement</u>

Ziller has filed a motion to amend his pretrial statement to provide additional details regarding the damages he is claiming in this case. The court typically allows parties to amend their statements if there is no surprise or prejudice to the opposing party. Here, there is neither. Ziller discussed his intended measure of damages at the April 4th conference. The proposed amendments generally conform to the discussion that the parties had at that conference. In addition, the proposed amendment merely identifies pre-existing facts revealed during the course of discovery that Ziller intends to rely on at trial. Ziller has not identified any new witnesses, such as a previously undisclosed expert, on the damages issue. Finally, this ruling does not prejudice defendants' ability to challenge Ziller's damages calculations on a substantive basis. For these reasons, we find that the amendment is appropriate.

Therefore, on this 18th day of September, 2008, IT IS HEREBY ORDERED that defendant Alex-Forbes and Murray LP's motion requesting an extension of time to file summary judgment motions [doc. no. 184] and Emerald Art Glass's joinder [doc. no. 188] are DENIED; Alex-Forbes and Murray LP's motion for partial summary judgment [doc. no. 185] and Emerald Art Glass's joinder [doc. no. 189] are DENIED as filed out of time; and Ziller's motion to amend the pretrial statement [doc. no. 196] is GRANTED, and Ziller is directed to file the Amended pretrial statement

attached to his motion within 5 days of the entry of this order on the court's docket.

BY THE COURT:

_____, J.

cc: All Counsel of Record